## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRACE M. DERR, *et al.*,

      Plaintiffs,

    v.

JOSEPH HOUSER, SR., *et al.*,

      Defendants.

No. 4:22-CV-01917

(Chief Judge Brann)

(Magistrate Judge Arbuckle)

## ORDER

### JULY 20, 2023

In January 2023, Plaintiffs filed an amended complaint alleging that numerous individuals violated their rights during the course of an investigation conducted by Northumberland County Children and Youth Services.[1] In May 2023, this Court dismissed the amended complaint without prejudice, and with leave to file a second amended complaint within two weeks.[2] On June 7, 2023, Magistrate Judge William I. Arbuckle issued a Report and Recommendation recommending that this Court close the case based upon Plaintiffs' failure to timely file a second amended complaint.[3] Plaintiffs have not filed timely objections to the Report and Recommendation.

---

[1] Doc. 11.
[2] Doc. 20.
[3] Doc. 21.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6] Upon review of the record, the Court finds no clear error—clear or otherwise—in Magistrate Judge Arbuckle's recommendation that this case be closed. Consequently, **IT IS HEREBY ORDERED** that:

1.     Magistrate Judge William I. Arbuckle's Report and Recommendation (Doc. 21) is **ADOPTED**; and

2.     The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4]    Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[5]    *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[6]    28 U.S.C. § 636(b)(1); Local Rule 72.31.